U.S. DEPARTMENT OF LABOR
Office of the Solicitor
Bruce Brown, Associate Regional Solicitor
Jeannie Gorman, Senior Trial Attorney
gorman.jeannie@dol.gov
Wash. State Bar Assoc. #23578
Karla Malagon, Trial Attorney
300 Fifth Ave., Suite 1120
Seattle, WA  98104
Telephone: (206) 757-6755
Facsimile: (206) 757-6761
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> HOUSE OF HOUNDS, LLC and KAYLA MARTIN, <br><br> Defendants. | File Number: _____ <br><br> **COMPLAINT - Labor** <br> 29 U.S.C. §651, *et seq.* |

I

Plaintiff brings this action for injunctive and other relief, pursuant to §11(c) of the Occupational Safety and Health Act of 1970, as amended (29 U.S.C. §651, *et seq.*), ("the Act").

II

Jurisdiction of this action is conferred upon the Court by 29 U.S.C. §660(c)(2), namely

**COMPLAINT -  PAGE  1**
**Case No.**

§11(c)(2) of the Act.

III

Defendant House of Hounds, LLC ("House of Hounds") is an Idaho Limited Liability Company that operates a boarding and daycare for dogs located in Boise, Idaho within the jurisdiction of this Court.  Defendant is now, and was at all relevant times, a business affecting commerce within the meaning of the Act and a "person" as defined in 29 U.S.C. §652(4).  The term "employer" means "a person engaged in a business affecting commerce who has employees, but does not include the United States (not including the United States Postal Service)_ or any State or political subdivision of a State." 29 U.S.C. §652(5).  Thus, at all times material herein, Defendant House of Hounds was also an employer within the meaning of the Act.

IV

Defendant Kayla Martin ("Martin") is an individual who operates House of Hounds, who resides in or around Boise, Idaho within the jurisdiction of this Court.  Defendant is now, and was at all relevant times, operating a business affecting commerce within the meaning of the Act and an "employer" as defined in 29 U.S.C. §652(5).  The term "employer" means "a person engaged in a business affecting commerce who has employees, but does not include the United States (not including the United States Postal Service) or any State or political subdivision of a State."  29 U.S.C. §652(5).  Thus, at all times material herein, Defendant Martin was also an employer within the meaning of the Act.

V

At all times material herein, Ashley Holmes and Malia Vineyard were employees employed by the above-named Defendant employers as both terms are defined by 29 U.S.C.

§652(5) and (6).

## VI

Ashley Holmes filed a complaint with the Plaintiff, U.S. Department of Labor, Occupational Safety and Health Administration on July 2, 2020 alleging that Defendants discriminated against her in violation of anti-discrimination statutes.

## VII

Malia Vineyard filed a complaint with the Plaintiff, U.S. Department of Labor, Occupational Safety and Health Administration on July 2, 2020 alleging that Defendants discriminated against her in violation of anti-discrimination statutes.

## VIII

Defendants hired Ashley Holmes as a dog handler in Septemnber 2019.  As part of her duties, Ms. Holmes worked with other employees caring for dogs who were boarded and who came to the daycare.  Ms. Holmes was never subject to formal or informal discipline while working for Defendants.

## IX

On June 29, 2020, Ms. Holmes told Defendant Kayla Martin about concerns working with a colleague who had been tested for COVID-19 but had not yet received her test results. Less than two hours later and with no intervening disciplinable offense committed by Ms. Holmes, Defendant Kayla Martin told Ms. Holmes to finish what she was doing, clock out, and go home.  Later that afternoon, Defendant Kayla Martin removed Ms. Holmes from the social media platform which allowed employees to communicate with customers, reflecting Ms. Holmes' termination.  On June 30, 2020, Defendant Kayla Martin issued a revised weekly work schedule that listed Ms. Holmes as an employee but did not schedule her for work.  On July 1,

2020, Ms. Holmes asked Defendant Kayla Martin if she had been fired. Defendant Kayla Martin responded that Ms. Holmes wasn't fired but that Ms. Holmes had resigned her employment because she failed to reply to a group text message. Ms. Holmes did not voluntarily resign her employment.

X

Defendants hired Malia Vineyard as a dog handler in May 2018. On June 29, 2020, Ms. Vineyard told a co-worker she had concerns working with a colleague who had been tested for COVID-19 but had not yet received her test results. The co-worker to whom Ms. Vineyard told her concerns told Defendant Kayla Martin that Ms. Vineyard expressed concerns working with the co-worker who tested for COVID-19 but had not yet received her test results. Less than two hours later and with no intervening disciplinable offense committed by Ms. Vineyard, Defendant Kayla Martin told Ms. Vineyard to clock out and go home. Later that afternoon, Defendant Kayla Martin removed Ms. Vineyard from the social media platform which allowed employees to communicate with customers, reflecting Ms. Vineyard's termination. Later that afternoon, Ms. Vineyard asked Defendant Kayla Martin if she had been fired. Defendant Kayla Martin responded that she had not. In response, Ms. Vineyard asked Defendant Kayla Martin why she had been removed from the social media platform. Defendant Kayla Martin did not respond immediately. On June 30, 2020, Defendant Kayla Martin issued a revised weekly work schedule that listed Ms. Vineyard as an employee but did not schedule her for work. On July 1, 2020, Defendant Kayla Martin responded to Ms. Vineyard that Ms. Vineyard had resigned her employment because she failed to reply to a group text message. Ms. Vineyard did not voluntarily resign her employment.

**COMPLAINT - PAGE 4**
**Case No.**

XI

By the acts described above, and by each of said acts, Defendants did discriminate, and are discriminating, against Mmes. Holmes and Vineyard because they exercised their rights under the Act by making a workplace health concern about their exposure to COVID-19. Defendant House of Hounds terminated Mmes. Holmes and Vineyard from their jobs in retaliation for their safety complaints to their employer, as described in Paragraphs IX and XI.

WHEREFORE, cause having been shown, Plaintiff prays for a Judgment against Defendants as follows:

(1)     For an Order permanently enjoining Defendants, their officers, agents, servants, employees and all persons acting or claiming to act in their behalf and interest from violating the provisions of §11(c) of the Act (29 U.S.C. §660(c)(1)), and;

(2)     For all appropriate relief, including payment to Ashley Holmes and Malia Vineyard for lost wages and benefits including interest thereon, compensatory damages, including damages for emotional distress, and punitive damages, and;

(3)     For an Order requiring posting in a prominent place for 60 (sixty) days and compliance with a Notice stating that Defendants will not in any manner discriminate against employees because of engagement, whether real or perceived, in activities protected by §11(c) of the Act and for the costs of this action, and;

(4)     For an Order granting such other and further relief as may be necessary and appropriate.

///

///

**COMPLAINT - PAGE 5**
**Case No.**

Respectfully submitted this 13th day of May, 2021.

        Elena Goldstein
        Acting Solicitor of Labor

        Susan G. Kumli
        Acting Regional Solicitor

        Bruce L. Brown
        Associate Regional Solicitor

        Jeannie Gorman
        Senior Trial Attorney

        Karla Malagon
        Trial Attorney


By:    /s/ *Jeannie Gorman*
        **U.S. DEPARTMENT OF LABOR**
        **Counsel for Plaintiff**

**COMPLAINT - PAGE 6**
**Case No.**